WILLIAM E. GIBSON, Respondent, v. JANE SMITH, Appellant.

**Kansas City Court of Appeals, December 5, 1898.**

**Account Stated:** EVIDENCE: DEMURRER. When an account between parties is stated, with debit and credit sides, and the very matter, about which the controversy arises, is stated in the account, the presumption of law is that the account is just; and in this case there was sufficient evidence to submit to the jury the question whether defendant was a purchaser of certain tax bills or took them for collection merely, and a demurrer was rightly overruled.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

H. M. RAMEY and JOHN F. IMEL for appellant.

The instructions in the nature of a demurrer at the close of respondent's case to find for the appellant should have been given, but if appellant waived it by introducing testimony then it should have been given as asked at the close of all the testimony. Felix v. Bevington, 52 Mo. App. 403; Hite v. Railway, 130 Mo. 132; Weaver v. Railway, 60 Mo. App. 207; Weber v. Railway, 100 Mo. 194. Mere conjectures will not do. Hite v. Railway, *supra*, 140; Peck v. Railway, 31 Mo. App. 123; Gerrans v. Mfg. Co., 51 Mo. App. 615; Stokes v. Burns, 132 Mo. 214; Clark on Contracts, p. 30, and cases cited in n. 14; Lancaster v. Elliott, 28 Mo. App. 86; Whedon, Ex. v. Ames, 28 Mo. App. 243; James v. Fruit Jar Co., 69 Mo. App. 207, and cases there cited; Clark on Contracts, 21; Wolz v. Parker, 134 Mo. 458; Wendover

Gibson v. Smith.

v. Baker, 121 Mo. 273 and 294; Railway v. Morley, 45 Mo. App. 304; Lingenfelder v. Wainright B. Co., 103 Mo. 578; Am. and Eng. Ency. of Law, 834, and cases cited; Peck v. Harris, 57 Mo. App. 467, 470.

R. L. SPENCER for respondent.

(1) The court properly overruled defendant's demurrer to the evidence offered at the close of all the testimony. Higgins v. Railroad, 43 Mo. App. 547; Bender v. Railroad, 137 Mo. 240; Routsong v. Railroad. 45 Mo. 236. (2) When an account is stated with debit and credit sides the presumption is that the account is just. Carroll v. Paul, 16 Mo. 226.

GILL, J.—This suit was brought before a justice of the peace for an alleged balance due on some fifteen special tax bills which plaintiff claims to have sold to defendant in August, 1891. The account filed with the justice charged a sale of the tax bills, August 28, 1891, for the aggregate face value thereof, $581.47. Defendant is credited with various small payments during the years 1891–92, leaving a balance of $66.47 due plaintiffs and for which this action was brought. Plaintiff recovered in the justice's court as also in the circuit court and defendant appealed.

The main contention of the defendant is, that the trial court should have sustained her demurrer offered at the close of the evidence. After a careful consideration of the entire record we do not think the court's action in this respect was erroneous. While the testimony is not altogether as satisfactory as it should be, we yet find sufficient and substantial evidence to justify the court in submitting the issues to the jury. Plaintiffs were street and sewer contractors and as such had several special tax bills chargeable against Mrs. Smith's real estate. The evidence is undisputed that in August,

1891, plaintiffs left these bills with the defendant's son, who it seems was an agent with full power for his mother. Plaintiffs' claim is that defendant, through her agent, took the bills as a purchase, while defendant's position is that they were merely left with said agent to be collected; that he, the agent, did collect said bills, except the balance of $66.47, and which said amounts were from time to time paid over to plaintiffs.

Plaintiffs testified in effect that they regarded the transaction of August, 1891, as a sale for $581.47; that from that time on defendant treated the tax bills as her own; that her son and agent credited plaintiffs with the amount thereof on defendant's books of account and charged plaintiffs with such sums as were paid to them from time to time; and that in the spring of 1894 said agent made out an account of how the matter then stood between the parties, and that in said statement the sale was in effect conceded—defendant being charged with the $581.47 and credited with the various payments, resulting in a balance due plaintiffs of $66.47, the amount here sued for. "When an account between parties is stated, with debit and credit sides, and the very matter, about which the controversy arises, is stated in the account, the presumption of law is that the account is just." Judge Scott in Carroll v. Paul's Adm'r, 16 Mo. 226.

A great number of instructions were asked and twelve were given. Most of those given were wholly unnecessary. The case is a simple one and might well have been submitted to the jury on two or three short instructions. We have with some care examined those given and fail to see wherein they could have harmed the defendant.

On the facts found by the jury, the judgment seems for the right party and will be affirmed. All concur.